976 So.2d 1130 (2007)
Don and Pamela ASHLEY, Appellants,
v.
STATE of Florida, ADMINISTRATION COMMISSION, State of Florida Department of Community Affairs, Franklin County, and the St. Joe Company, Appellees.
No. 1D07-0095.
District Court of Appeal of Florida, First District.
December 31, 2007.
Rehearing Denied March 14, 2008.
*1131 Ross Stafford Burnaman, Tallahassee, for Appellants.
Shaw P. Stiller and Kelly A. Martinson, Tallahassee; Thomas Michael Shuler, Apalachicola; Douglas A. Booher, Jacksonville; David L. Powell, Gary P. Sams, Miguel Collazo, III, of Hopping Green & Sams, Tallahassee, for Appellees.
Brett M. Paben, Tallahassee, and Andrew Jubal Smith, Apalachicola, for Amicus Curiae The Apalachicola Riverkeeper.
PER CURIAM.
Appellants Don and Pamela Ashley challenge a Final Order of appellee State of Florida, Administration Commission, rendered December 8, 2006. The Final Order concluded that amendments to the Franklin County 2020 Comprehensive Plan (the Comprehensive Plan), as adopted by Franklin County Ordinance 2005-20, are not "in compliance," and ordered remedial actions consistent with the Order. We agree with appellants to the extent they argue that the Administration Commission[1] erred in finding that two of the newly created land use categories, the Rural Village and Conservation Residential categories, are not mixed-use categories, subject to additional planning standards. We affirm on all other issues without further comment.

I. Background
This appeal concerns Franklin County, a primarily coastal county on the Gulf Coast of the Florida Panhandle. The County includes several state parks, aquatic preserves and other areas of special environmental significance. On April 5, 2005, Franklin County adopted Ordinance No. 2005-20. The Ordinance contained several *1132 evaluation and appraisal based amendments to substantially update and revise the Franklin County Comprehensive Plan. In particular, Ordinance 2005-20 included amendments to the Comprehensive Plan's Future Land Use Element (FLUE)[2] and Future Land Use Map series (FLUM). In relevant part, the Ordinance adds four new land use categories for the area on St. James Island, in eastern Franklin County: Rural Village, Conservation Residential, Marina Village Center, and Carrabelle East Village.
Pursuant to section 163.3184, Florida Statutes, which details the process through which the State reviews and adopts a county comprehensive plan or plan amendment, Franklin County transmitted Ordinance 2005-20 and the proposed amendments to the State of Florida for review. On May 26, 2005, appellee State of Florida, Department of Community Affairs, published a Notice of Intent to find the proposed amendments to the Comprehensive Plan "in compliance." "In compliance" means the amendments are consistent with requirements set forth in section 163.3177, Florida Statutes (2006). See § 163.3184(1)(b), Fla. Stat. (2006). In response, appellants filed a petition for an administrative hearing, objecting to the Department's ruling. Appellee The St. Joe Company, was subsequently granted leave to intervene as an interested and affected party.
The Florida Department of Administrative Hearings (DOAH) held a formal administrative hearing on December 5 through 9, 2005, in Apalachicola, and February 27 through March 1, 2006, in Tallahassee. Following the hearing, the Administrative Law Judge (ALJ) issued a Recommended Order suggesting the Department find the proposed amendments to the Comprehensive Plan "not in compliance."
Subsequently, appellants Don and Pamela Ashley, and appellees Franklin County and The St. Joe Company prepared written comments and exceptions to the Recommended Order and submitted them to the Department for its consideration.[3] On October 10, 2006, the Department issued an Order finding the proposed amendments to the 2020 Comprehensive Plan "not in compliance," and submitted the Plan to the Administration Commission for final agency action.
On December 8, 2006, the Administration Commission rendered the instant Final Order. The Order adopted the findings of fact and conclusions of law from the Recommended Order, and found the proposed amendments to the Comprehensive Plan "not in compliance." In addition, the Commission suggested certain remedial actions to bring the plan into compliance. Appellants presently appeal the Final Order.

II. Analysis
Appellants argue that Ordinance 2005-20 adds four new land use categories in the area of St. James Island, which fail to meet mandatory planning standards set forth in Chapter 163, Florida Statutes, and Rule 9J-5 of the Florida Administrative Code. The four land use categories the *1133 appellants challenge are described in the Future Land Use Element as follows: FLUE Policy 2.2(l), Rural Village; 2.2(m), Conservation Residential; 2.2(n), Marina Village Center; and finally 2.2(o), Carrabelle East Village. We agree with appellants' argument that the ALJ and the Administration Commission erred in ruling that the Rural Village and Conservation Residential land use categories are not "mixed-use" categories, and thus not subject to the more detailed planning requirements for mixed-use categories set forth in the Florida Administrative Code.
Regarding mixed-use land categories, section 163.3177 provides, in relevant part, "[t]he future land use plan may designate areas for future planned development use involving combinations of types of uses for which special regulations may be necessary to ensure development in accord with the principles and standards of the comprehensive plan and this act." See § 163.3177(6)(a), Fla. Stat. (2006). The Florida Administrative Code provides additional guidance,
Mixed use categories of land use are encouraged. If used, policies for the implementation of such mixed uses shall be included in the comprehensive plan, including the types of land uses allowed, the percentage distribution among the mix of uses, or other objective measurement, and the density or intensity of each use.
See Fla. Admin. Code R. 9J-5.006(4)(c).
In this case, the ALJ found, and the Administration Commission agreed, that it was at least fairly debatable that the Rural Village and Conservation Residential categories were not mixed use categories, and that Rule 9J-5.006(4)(c) does not apply. We hold the ALJ erred in reaching this conclusion.
A careful reading of Ordinance 2005-20 reveals that both the Rural Village and Conservation Residential categories contemplate a variety of land uses. Within the Rural Village category, FLUE Policy 2.2(l), the County expressly permits residential uses; a variety of commercial uses, including a restaurant, guest lodging/hotel services, an outfitters store, and some commercial recreational activities; and a variety of active and passive recreational uses. See Franklin County 2020 Comprehensive Plan, I-9. Similarly, within the Conservation Residential Category, FLUE Policy 2.2(m), the County expressly permits residential uses; agricultural and silviculture uses, as well as supporting infrastructure for such activities; and active and passive recreational activities. Id. at I-10. Furthermore, while the Conservation Residential category expressly prohibits "[f]ree standing non-residential or commercial uses intended to serve non-residents," the category may, by negative implication, permit free-standing non-residential, commercial uses intended to serve residents and their guests. Id. (emphasis added).
Moreover, counsel for appellants examined the Franklin County Planner, Alan Pierce, extensively about the four land use categories, and the uses permitted within each category. Mr. Pierce's testimony confirms that the amended Comprehensive Plan does encompass several types of land use activities within both the Rural Village and Conservation Residential categories.
Within the Rural Village category, Mr. Pierce testified that the Plan permitted several possible types of use. In addition to the listed residential uses, Mr. Pierce noted the category permits operation of the River House, a restaurant and hotel, as well as the Outfitters Center, selling clothing, equipment and supplies, both solely commercial operations. He also acknowledged that the category would allow for certain other commercial uses, developed as support for the listed uses, including *1134 bait and tackle shops, sandwich shops, and perhaps boat service and repair facilities. In addition, Mr. Pierce testified the category allows for passive recreation in the open spaces, but also permits construction of facilities to accommodate active recreational activities, including boating, hunting and skeet-shooting.
Similarly, within the Conservation Residential category, Mr. Pierce testified the category contemplated some residential development, as well as passive and active recreational opportunities. He also noted that the category permits both agricultural and accessory uses. Thus, he testified the area would be used to harvest pine trees, and could include roads into and out of the pine tree forests, gas and utility lines, and sewer lift stations. Further, Mr. Pierce admitted the category would permit construction of residential structures used as commercial vacation rentals, as well as "community gathering facilities" for residents and their guests. Finally, as noted above, Mr. Peirce acknowledged that the category may permit, by negative implication, free-standing non-residential uses, such as churches or schools, as well as commercial uses, if those uses were designed to serve residents and guests.

III. Conclusion
Therefore, we hold the ALJ, and thus the Commission, erred in ruling the Rural Village and Conservation Residential land use categories were not mixed use categories. Accordingly, both categories are subject to the additional mandatory planning requirements in Rule 9J-5.006(4)(c), including percentage distribution standards, and limits on the intensity and density of development in each permitted use.
We reverse the Administration Commission's Final Order to the extent the Commission, adopting the ALJ's findings, found the Rural Village and Conservation Residential land use categories were not mixed-use categories, subject to Rule 9J-5.006(4)(c). We remand the case to the Administration Commission for further proceedings to determine whether the Rural Village and Conservation Residential categories comply with standards for mixed-use land categories, as set forth in Rule 9J-5.006(4)(c).
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WOLF, PADOVANO, and POLSTON, JJ., concur.
NOTES
[1] Pursuant to section 14.202, Florida Statutes, the Administration Commission is a committee within the executive branch, composed of the Governor and Cabinet members of the State of Florida.
[2] The Future Land Use Element (FLUE) is a section of the Comprehensive Plan for the designation of future land use patterns throughout the county.
[3] Appellants also requested, and the Department granted, that the matter be remanded to the ALJ for additional findings of fact and conclusions of law on several issues the ALJ had not addressed. On remand, the ALJ considered amendments to the provisions of the Comprehensive Plan which describe potable water standards, as well as provisions requiring a demonstration of need for residential and non-residential land uses. On August 4, 2006, DOAH entered the Supplement to Recommended Order, addressing the remaining issues.